IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Semco, Inc., | Case No. 3:06 CV 2045 |
|           Plaintiff, | MEMORANDUM OPINION AND ORDER |
|   -vs- | JUDGE JACK ZOUHARY |
| Exco Technologies Limited,<br>d/b/a Castool Tooling Solutions, | |
|           Defendant. | |

This matter is before the Court on Defendant's Motion for Partial Summary Judgment (Doc. No. 34). Pursuant to the Court's oral ruling at the recent August 22 status conference, and for the further reasons set forth below, Defendant's Motion is granted.

**BACKGROUND**

Defendant has a license from Allper to produce plunger tips for the aluminum casting industry. Plaintiff also produces various parts for the aluminum casting industry, and explored the possibility of producing plunger tips to replace those supplied by Defendant. Preliminary discussions were held between Plaintiff and Defendant and between Plaintiff and DaimlerChrysler. These discussions ended, and DaimlerChrysler did not contract with Plaintiff for replacement plunger tips. Plaintiff has since produced such plunger tips for other suppliers.

Plaintiff filed suit in July 2006 in Lucas County Pleas Court. Plaintiff alleged Defendant made false statements to customers regarding the patent for the plunger tip, falsely advertised the fact that the plunger tips were patented, and falsely advertised the features and specifications of the plunger

tips. Defendant sought and was granted removal to this Court. Defendant subsequently filed this Motion for Partial Summary Judgment in May 2007.

### PLAINTIFF'S REQUEST FOR A DECLARATORY JUDGMENT

Defendant has moved for summary judgment on the issue of Plaintiff's request for a declaratory judgment for non-infringement of Allper's patents.

First, Plaintiff failed to include a prayer for declaratory judgment for non-infringement in the Amended Complaint (Doc. No. 1, Notice of Removal, Ex. B). When requesting a declaratory judgment, the complaint must show a justiciable controversy and give notice to opposing counsel of the claims to be tried. *See Int'l Med. Prosthetics Research Assoc. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 576 (Fed. Cir. 1986). Plaintiff's failure to include the declaratory judgment relief in the Amended Complaint, thereby failing to give proper notice, bars at this late juncture the introduction of a declaratory judgment for non-infringement.

Second, Defendant's filing of an affidavit acknowledging that Exco would not pursue any patent infringement claims against Semco eliminates standing (Doc. No. 45, Reply in Support of Defendant's Motion for Partial Summary Judgment, App. 1). A party seeking a declaratory judgment must establish that an actual case or controversy exists. *Cardinal Chemical Co. v. Morton Intern., Inc.*, 508 U.S. 83, 95 (1993). For a declaratory judgment, a case or controversy exists if, under the totality of the circumstances, there is a substantial controversy between adverse parties of sufficient immediacy and reality. *Maryland Casualty Co. v. Pacific Co.*, 312 U.S. 270, 273 (1941). Defendant's affidavit extinguishes any controversy, or potential controversy, between the parties regarding the patent infringement claim. Without a valid controversy for patent infringement, Plaintiff lacks standing for a request for a declaratory judgment for non-infringement. Accordingly,

Defendant's Motion is granted as to Plaintiff's request for a declaratory judgment for non-infringement.

### PLAINTIFF'S CLAIM OF PATENT MISUSE

Defendant has also moved for summary judgment on the issue of patent misuse.

Patent misuse is an affirmative defense to a patent holder's claim of infringement. *B. Braun Med. Inc. v. Abbot Labs.*, 124 F.3d 1419 (Fed. Cir. 1997). It cannot be the basis for a cause of action. *Transitron Elec. Corp. v. Hughes Aircraft Co.*, 487 F. Supp. 885, 893 (D. Mass. 1980). Although courts have allowed patent misuse claims to be presented as counterclaims, these have been limited to circumstances where patent infringement claims were also involved. *See, e.g.*, *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118 (N.D. Cal. 2003). Defendant has not brought a claim for patent infringement against Plaintiff, and has acknowledged, under oath, that at no time will they pursue such a claim (Doc. No. 45, Reply in Support of Defendant's Motion for Partial Summary Judgment, App. 1). Absent any patent infringement claim, the patent misuse claim cannot survive. Defendant's Motion is granted as to the issue of Plaintiff's claim of patent misuse.

### CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Summary Judgment is granted.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 11, 2007